RECEIVED
SEP 1 7 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| FRIENDLY FINANCE DISCOUNT CORP., ET AL | CIVIL ACTION NO. 07-2196 |
| VERSUS | JUDGE DOHERTY |
| CARLA GASTON, ET AL | MAGISTRATE JUDGE METHVIN |

## RULING & ORDER

Appellant Friendly Finance Discount Corporation ("Friendly Finance") brings this appeal, pursuant to 28 U.S.C. § 158(a), from a final order of the Bankruptcy Court, which held Friendly Finance (a secured creditor) willfully violated the automatic stay provided for in 11 U.S.C. § 362 and ordered Friendly Finance to pay the United States Trustee $300.00 for attorney fees and $2500.00 in punitive damages. Neither the debtor nor the Trustee has filed an opposition to this appeal. After careful consideration, this Court REVERSES the Bankruptcy Court's decision.

## Factual and Procedural Background

On January 24, 2007, Carla M. Gaston filed a voluntary Chapter 13 petition for bankruptcy. At the time of filing, it appears Ms. Gaston was indebted to Friendly Finance in the amount of $2,200.00. [B.R. Rec. Docs. 15 and 16] On September 28, 2007, Ms. Gaston filed an "Ex-Parte Motion to Dismiss by Debtor."[1] [B.R. Rec. Doc. 129] In the motion, debtor argued various medical issues caused her to be "dismissed from her employment," and thus it was "impossible for Debtor to continue with the current bankruptcy proceeding." [Id. at 1] Debtor moved "to dismiss the ...

---

[1] The matter had previously been dismissed and reinstated on two separate occasions due to the debtor's failure to pay the filing fee and failure to file a statement of financial affairs. Additionally, on several other occasions, the Bankruptcy Court advised debtor of its intention to dismiss the case, due to debtor's failure to appear at hearings and participate in the matter in general.

[Chapter 13 petition] and attempt to work-out financial arrangements with her creditors, to include surrender of collateral and/or payments [sic] arrangements to the extent possible." [Id.] Debtor additionally moved for a "refund of all monies previously paid to the Trustee, less the standing Trustee's fee." [Id.] On October 1, 2007, the Bankruptcy Court dismissed the case.[2]

On October 4, 2007, Ford Motor Credit Company ("Ford"), also a secured creditor, moved for reconsideration and amendment of the Bankruptcy Court's order dismissing the case. [B.R. Rec. Doc. 132] In its motion, Ford argued at the time of dismissal, there were motions pending, upon which the Court had not yet ruled, for relief from the automatic stay and for adequate protection payments. Ford additionally argued it had not received the $1000.00 in sanctions the Bankruptcy Court had ordered debtor pay to Ford as costs for Ford's repeated appearances at hearings, which the debtor continued without notice to counsel for Ford, despite contrary instructions from the Court.

On October 17, 2007, the Trustee filed a "Motion for Contempt [against Friendly Finance] for Violation of the Automatic Stay." In that motion, which is the subject of this appeal, the Trustee argued as follows:

1.
An Order was signed dismissing this case. However, a Motion for Reconsideration of the Dismissal was timely filed and, consequently, the Order of Dismissal is NOT final.

2.
After the entry of the Order of Dismissal but before it became a final order, your movant was served with the attached garnishment interrogatories.

3.
This is clearly an attempt to collect a pre-petition debt from property of the estate while the bankruptcy is still pending and thus, is in violation of the automatic

---

[2]No Chapter 13 plan was confirmed throughout the eleven months this matter was pending before the bankruptcy court, due to debtor's "failure to present [that court] with a confirmable plan." [B.R. Rec. Doc. 120]

-2-

stay pursuant to Section 362 of the Bankruptcy Code.

4.

The Trustee request [sic] an order to show cause enter herein requiring the offending creditor to come before this Court to state why they should not be held in contempt.

[B.R. Rec. Doc. 134]

On October 22, 2007, Friendly Finance responded as follows:

1.

The case was dismissed October 1, 2007. The fact that a Motion for Reconsideration was filed does not re-open the case, and the "Stay" Order has been dissolved by the dismissal.

2.

The creditor admits that the garnishment was filed after the "Order of Dismissal".

3.

The allegations of Paragraph 3 of the motion are denied. Once the case is dismissed the "Stay" Order is dissolved, and there is no violation of the Automatic Stay.

4.

The allegations of Paragraph 4 of the motion are denied. Creditor is not in contempt because the "Stay" Order is dissolved.

[B.R. Rec. Doc. 138][3]

On November 7, 2007, a hearing was held on both Ford's motion for reconsideration and the Trustee's motion for contempt. The Court granted both motions. [BR Rec. Docs. 142 and 143] The minutes from the hearing on Ford's motion to reconsider read in pertinent part as follows: "**RULING:** Motion to reconsider is granted. The order of dismissal is amended to provide for certain costs to be paid from funds on hand to Ford. Parties to submit order." [B.R. Rec. Doc. 142]

---

[3]Neither the Trustee nor Friendly Finance cited any legal authority in their briefing. No other argument was presented to the lower court by brief, other than that which is cited above.

-3-

The minutes of the hearing on the Trustee's motion for contempt read in pertinent part as follows:

> **RULING:** Motion for contempt is granted. The court finds that Friendly Finance and Mr. Loftin wilfully violated the automatic stay. The court directs Mr. Loftin to withdrawn [sic] the state court garnishment proceedings and filings initiated prior to the order of dismissal becoming final. The court awards attorney fees to the trustee in connection with bringing this motion. Trustee shall submit a statement of fees within 10 days. The court awards punitive damages of $2,5000 against Friendly Finance. The punitive damage award will be suspended if the respondent complies with the other provisions of the sanctions order.
>
> **ORDER TO BE PREPARED BY:** Trustee

[B.R. Rec. Doc. 143][4]

On November 14, 2007, an order issued on the motion for contempt, stating in pertinent part as follows:

> **IT IS ORDERED** that Friendly Finance, respondent in motion be and it is deemed in willful violation of the automatic stay as the Order of Dismissal was not a final Order. Respondent also failed to obtain leave of the Bankruptcy Court before commencing the State Court garnishment against the Standing Chapter 13 Trustee. This action was a violation of the *Barton* doctrine, which prohibits actions against Bankruptcy Trustees without leave of the Bankruptcy Court. *See, e.g. In re Premiere Sports Tours*, 283 B.R. 598 (Bankr. M.D. Fla. 2002).
>
> **IT IS FURTHER ORDERED** that he is to immediately withdraw and have vacated the State Court garnishment proceedings.
>
> **IT IS FURTHER ORDERED** that the Trustee is awarded attorney fees of $300.00 for having to bring this action. Said attorney fees to be paid directly to the Trustee for the benefit of his attorney by respondent, Friendly Finance.
>
> **IT IS FURTHER ORDERED** that punitive damages in the amount of $2,500.00 are awarded against respondent, Friendly Finance to be paid directly to the Trustee. Said punitive damages must be paid within twenty days. However, if respondent complies with the above stated portions of the Order and withdraws all State Court garnishment proceedings prior to twenty days from the date of this Order and if he pays the attorney fees to the Trustee prior to the twenty days from the date of this Order then the punitive damages will be vacated. A copy of the assigned

---

[4]No transcript of the hearing has been provided to this Court. Thus, this Court is unaware if additional legal authority or argument were presented to the court below.

Order from the State Court withdrawing said garnishment proceedings must be submitted to the Trustee within said twenty day period.

[B.R. Rec. Doc. 144] On November 16, 2007, Friendly Finance filed its Notice of Appeal with the Bankruptcy Court of the Order finding a violation of the automatic stay.

On November 19, 2007, the Bankruptcy Court issued an "Amended Order Dismissing Case," ordering the Trustee to disburse $3,922.50 to Ford for "adequate protection payments, $1,000.00 for sanctions, and $300.00 for court costs. Additionally, the Trustee was ordered to pay $900 in attorney's fees to counsel for Ford. On December 7, 2007 (following completion and submission of the record by the Clerk of the Bankruptcy Court), Friendly Finance's appeal was docketed with this Court.

In this appeal, Friendly Finance seeks reversal of the order of contempt from the Bankruptcy Court. Friendly Finance argues the automatic stay ended immediately upon the first dismissal of the case, and therefore Friendly Finance did not violate the stay. Friendly Finance further argues the Barton doctrine (referenced in the Order above) was never pled by the Trustee, was not raised at the hearing, has not been adopted by the Fifth Circuit, and therefore, that doctrine should not have been considered by the court below *ex post facto*.[5] [Rec. Doc. 5] Finally, Friendly Finance asks this Court

---

[5]The Barton doctrine takes its name from the Supreme Court case of Barton v. Barbour, 104 U.S. 126 (1881). In Barton, the Supreme Court noted, "It is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Id. at 128. Many courts have applied the doctrine to bankruptcy matters, holding a court-appointed trustee cannot be sued for actions taken in the trustee's official capacity and within the Trustee's authority unless leave is first obtained from the court that appointed the trustee. See, e.g., Muratore v. Darr, 375 F.3d 140, 147 (1st. Cir. 2004); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993); In re Linton, 136 F.3d 544, 546 (7th Cir. 1998); In re Crown Vantage, Inc., 421 F.3d 963 (9th Cir. 2005); Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000). It appears no Fifth Circuit case has applied the Barton doctrine in the bankruptcy context. Regardless, the Court finds the Barton doctrine is inapplicable to this matter. Here, appellant has not brought suit against the Trustee for actions taken or not taken by the Trustee. Rather, appellant served the Trustee with garnishment interrogatories, following dismissal of the bankruptcy matter, in an attempt to collect a debt owed by debtor from monies held by the Trustee on behalf of the debtor and the debtor's estate within bankruptcy.

to order the Trustee "to pay costs and to reimburse . . . [Friendly Finance] for any losses caused by this motion."[6] [Id. at 10]

## Scope of Appellate Review by the District Court

A district court has jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a). A contempt order for violation of the automatic stay is "final" for purposes of appeal once two actions occur: (1) a finding of contempt is issued, and (2) an appropriate sanction is imposed. *See, e.g.* Matter of U.S. Abatement Corp., 39 F.3d 563, 567 (5th Cir. 1994).

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

F.R.B.P. 8013. The bankruptcy court's conclusions of law and mixed questions of law and fact are reviewed *de novo*. In re CPDC, Inc., 337 F.3d 436, 441 (5th Cir. 2003). The imposition of sanctions and the bankruptcy court's award of attorney fees are reviewed under an abuse of discretion standard. In re Pratt, 524 F.3d 580, 584 (5th Cir. 2008).

## 11 U.S.C.A. § 362 ("Automatic Stay")

In general, once a bankruptcy petition is filed, an automatic stay arises in favor of the debtor,

---

[6]Counsel has not stated the basis in law or argument for the imposition of costs and/or "losses." Because appellant seeks such an award from an official of the United States acting in his official capacity, it would seem any such award would be governed by the Equal Access to Justice Act ("EAJA"). Pursuant to the EAJA, a party seeking such an award must submit an application for expenses "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment for purposes of the EAJA must be "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). As this Court's judgment remains "appealable" at this time, if Friendly Finance requests costs pursuant to the EAJA, that claim is DENIED AS PREMATURE at this time. If appellant seeks costs on some other basis, the claim is DENIED for failure to carry the burden of proof.

-6-

which prohibits "all entities" from pursuing collection efforts against the debtor or the property of the debtor's estate. 11 U.S.C. § 362(a). Campbell v. Countrywide Home Loans Inc., --- F.3d ---, 2008 WL 3906382, *4 (5th Cir.); *see also* Id. at *6 ("When a bankruptcy petition is filed, an automatic stay operates as a self-executing injunction.") With some exceptions (not applicable to this matter):

> [The] stay continues, in the case of an act against property of the estate, until the property is no longer property of the estate or, in the case of other acts under § 362(a), until the earliest of the closing of the case, the dismissal of the case, or the time a discharge is granted or denied.

Browning v. Navarro, 743 F.2d 1069, 1083 (5th Cir. 1984)(citing 11 U.S.C. § 362(c); 2 Collier on Bankruptcy, supra, ¶ 362.06, at 362-43 (15th ed. 1984)).

The consequences of violating the automatic stay give rise to a private right of action in favor of the debtor: "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). The Fifth Circuit holds "a 'willful' violation of the automatic stay means acting with knowledge of the stay." Campbell at *6. Furthermore:

> A willful violation does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

Id. (quoting In re Chesnut, 422 F.3d 298, 302 (5th Cir.2005)(citation omitted)). Thus, to establish an actionable violation of the automatic stay the debtor must establish: (1) the creditor (or other individual) knew of the existence of the stay; (2) the creditor's actions were willful; and (3) the creditor's actions violated the automatic stay. Id. (citing In re Repine, 536 F.3d 512, *4 (5th

Cir.2008)).

## Analysis

Many courts have examined the specific situation at play in this matter - *i.e.*, whether the automatic stay is violated when a Chapter 13 case is dismissed and subsequently reinstated, and a secured creditor has taken action against the debtor's property during the intervening period of time. All of those courts, it appears, have held in such a circumstance, that the stay is not violated. The reasoning of those courts is that the automatic stay terminates immediately upon dismissal of the matter[7], and the ten day stay provided for in FED. R. BANKR. P. 7062 and FED. R. CIV. P. 62(a)[8] is inapplicable to orders involving the dismissal of bankruptcy petitions (as opposed to a discharge), absent a court order extending the automatic stay. *See e.g.*, Frank v. Gulf States Finance Company (In re Frank), 254 B.R. 368, 374 (Bankr.S.D.Tex.2000)("[E]ven if a [chapter 13] case is reinstated, the automatic stay is not retroactively reinstated with respect to creditor conduct that occurred between the dismissal and the reinstatement."); In re Noble, 2002 WL 31778056, *1 (Bankr.S.D.Tex.2002)(discussing the potential difficulties in reinstating a Chapter 13 case following dismissal, and noting "the Court does not see the chapter 13 bankruptcy process as one in which a

---

[7] 11 U.S.C. § 362(c) provides in pertinent part:

> (1) the stay of an act against property of the estate . . . continues until such property is no longer property of the estate;
>
> (2) the stay of any other act . . . continues until the earliest of - -
>
> (A) the time the case is closed;
>
> (B) the time the case is dismissed . . . .

[8] Bankruptcy Rule 7062 applies FED. R. CIV. P. 62 to certain bankruptcy proceedings. Rule 62(a) states in pertinent part, "[N]o execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry." The rule is designed to allow the losing party ten days to attack the judgment before it is executed.

debtor initially restructures his debt only periodically to default and then to cure defaults when threatened by dismissal of the case."); In re De Jesus Saez, 721 F.2d 848 (1st Cir. 1983); (upon dismissal of Chapter 13 petition, automatic stay was immediately lifted and secured creditor could proceed to foreclose and sell debtor's house pursuant to mortgage); Jennings v. R & R Cars and Trucks (In re Jennings), 2001 WL 1806980 at * 3 (Bankr.D.S.C.)("Although this Court vacated the dismissal of Debtors' Chapter 13 case, this ruling did not retroactively reinstate the automatic stay during the period when the case was dismissed."); In re Rivera, 280 B.R. 699 (Bankr.S.D.Ala.2001)(dismissal order is effective immediately if there is no stay pending appeal.); In re Doherty, 229 B.R. 461, 462 (Bankr.E.D. Wash. 1999)(bankruptcy estate and automatic stay terminate immediately, upon docketing of dismissal order); In re Weston, 101 B.R. 202, 204-05 (Bankr. E.D. Cal. 1989)(automatic stay terminates at the moment the dismissal order is docketed); Lashley v. First National Bank of Live Oak (In re Lashley), 825 F.2d 362 (11th Cir.1987); In re Harris, 258 B.R. 8 (Bankr.D.Idaho 2000); Nicholson v. Nagel (In re Nagel), 245 B.R. 657, 662 (D.Ariz.1999); In re Harris, 258 B.R. 8, 11-12 (Bankr.D.Idaho 2000); In re Moore, 2006 WL 4468609 (Bankr.D.Md.); Johnson v. Countrywide Home Loans (In re Johnson), 1999 WL 528653 at *4 (Bankr.W.D.Tenn.); Aheong v. Mellon Mortgage Company (In re Aheong), 276 B.R. 233, 243 n. 10 (9th Cir. BAP 2002); In re Hill, 305 B.R. 100, 104 -106 (Bkrtcy.M.D.Fla.,2003); Shaw v. Ehrlich, 294 B.R. 260 (W.D.Va. 2003); Lawrence R. Ahern, III, *Stay of Proceedings to Enforce a Judgment, in* Bankr. Proc. Manual § 7062.02 (2008); Howard J. Steinberg, *Analysis of Bankruptcy Rules Applicable to Adversary Proceedings, in* 1 Bankr. Litig. § 5:266 (2008); Lawrence Ponoroff and Stephen E. Snyder, *Stay Pending Appeal - Stay of the Bankruptcy Court's Judgment, in* Comm. Bankr. Litig. § 4:10 (2008).

## Conclusion

Because the strong weight of authority supports appellant's position that the dismissal of a case terminates the automatic stay, the Court finds Friendly Finance did not violate the automatic stay, and therefore, compensatory and punitive damages could not be imposed pursuant to 11 U.S.C. § 362(k). Accordingly, this Court hereby REVERSES the order of the bankruptcy court.[9]

Pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure, the Clerk of Court is DIRECTED to prepare, sign and enter judgment upon receipt of and in accordance with this opinion.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___17___ day of ___September___, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[9]This Court notes this Ruling is limited to its finding that the Barton doctrine is inapplicable to the facts of this matter, and that there was no violation of the automatic stay. Whether or not the bankruptcy court retains jurisdiction to address the questionable propriety of Friendly Finance's actions (*i.e.* serving garnishment interrogatories on a Trustee in a court other than the bankruptcy court for property no longer belonging to the estate) is not an issue before this Court. This Court merely notes 11 U.S.C. § 349(b)(3) states the dismissal of a bankruptcy proceeding "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." However, even after a case is dismissed, the Trustee must still deal with administrative claims pursuant to sections 1326(a)(2) and 503(b). The Trustee is required to file a final report and file a final account of the administration of the estate. 11 U.S.C. § 704(9). Until these matters are attended to, it would seem the case is not fully administered and cannot be closed. Whether the bankruptcy court (rather than the state court) has jurisdiction to determine whether Friendly Finance can compel the Trustee to turnover the funds, which are subject to a Section 503(b) administrative claim, payment of the Trustees fees and expenses, etc., is not the issue before this Court.